THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION



WILLIAM AMAYA,

    Plaintiff,

v().                                      Case No.

POLLACK & ROSEN, P.A. and UNIFUND,    **09-21137**

    Defendants.
_____/    **CIV-KING  MAGISTRATE BANDSTRA**

## COMPLAINT

COMES NOW Plaintiff, WILLIAM AMAYA ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for his Complaint against Defendants, POLLACK & ROSEN, P.A. and UNIFUND (collectively "Defendants"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendants conduct business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

1

## PARTIES

6. Plaintiff is a natural person who resides in Biscayne Park, Miami-Dade County, Florida.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendants are debt collectors as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant, POLLACK & ROSEN, P.A. ("Pollack & Rosen"), is a law firm located in Coral Gables, Miami-Dade County, Florida.

10. Defendant, UNIFUND ("Unifund"), is a national company located in Cincinnati, Ohio.

11. Upon information and belief, at all time relevant, Pollack & Rosen acted as counsel and agent for Unifund.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Defendants placed constant and continuous collection calls to Plaintiff seeking and demanding payment on an alleged debt.

14. Upon information and belief, Plaintiff does not owe the alleged debt.

15. Defendants did not send Plaintiff a debt validation letter.

16. Defendants failed to identify itself as a debt collector in subsequent communications with Plaintiff.

17. On or about February 7, 2008, Plaintiff sent Defendants a written request for validation of the alleged debt, and demanded that Defendants cease from any further

communication via telephone about said debt (*see* Exhibit A).

18. Defendants continued to contact and demand payment from Plaintiff

19. Defendants filed a judgment against Plaintiff in bad faith when Defendants failed to serve Plaintiff with a summons and verified complaint.

20. Specifically, Defendants attempted to serve a summons and verified complaint at a location previously owned by Plaintiff, but sold prior to the service attempt.

21. Defendants continued communication with Plaintiff after being informed Plaintiff was represented by legal counsel (*see* Exhibit B).

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

19. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Defendants violated FDCPA § 1692c(a)(2) by communicating with Plaintiff after Defendant knew Plaintiff was represented by an attorney.

b) Defendants violated FDCPA § 1692c(c) by contacting Plaintiff after having received a cease and desist letter from Plaintiff.

c) Defendants violated FDCPA § 1692d(5) by causing the telephone to ring repeatedly and continuously with the intent to annoy, abuse and/or harass Plaintiff.

d) Defendants violated the FDCPA § 1692e(10) by using false representations and/or deceptive means to attempt to collect a debt.

e) Defendants violated the FDCPA § 1692e(11) failing to disclose in subsequent communications it was a debt collector attempting to collect on a debt.

f) Defendants violated § 1692g(a)(1-5) by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2)

3

the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

20. As a consequence of Defendants' foregoing actions, Plaintiff has suffered from emotional distress (See Exhibit C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

21. Declaratory judgment that the Defendants' conduct violated the Federal Act, FDCPA.

22. Actual damages.

23. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

24. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

25. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____
Jeffrey Spiegel
FBN: 0036589
Matthew Kiverts
FBN: 0013143
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
T: (312) 578-9428
F: (866) 431-5576
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, WILLIAM AMAYA, hereby demands trial by jury in this action.

**EXHIBIT A**

**DELIVERED VIA FAX (305) 569-0101**
**& E-MAIL TO**
**roy@pollackrosen.com & christianm@pollackrosen.com**

January 31st, 2008

Pollack & Rosen
North Tower
800 Douglas Road, Suite 450
Coral Gables, FL 33134-3125
Phone: (305) 448-0006
Fax: (305) 569-0101
Email: roy@pollackrosen

UNIFUND CORP
10625 TECHWOODS CIRCLE
CINCINNATI OH 45242

ATTY FILE: 965842
JOB ID- 11705
SERVER: ROBERT DOLLAR- No. 1452
CASE: 05-14836 CC25 305-569-2502 Judge Jacqueline Schwartz

Mr. Christian Marr,

As per our telephone conversation today @9:15am, please be advised and according to referenced, affidavit of service, same states that JLL process received such job on 10-11-05 duly served by and/or on behalf of your firm on 11-04-05 @ 11:50am.

We ask at this time for your kind assistance in providing a copy of such signed document by Mr. William Amaya and/or any such other individual KNOWN TO AND/OR RELATED TO William Amaya.

Please deliver any and all herewith requested information via e-mail as we have NEVER BEEN SERVED appropriately since we vacated those premises back in 1998.

Furthermore, I am also requesting detailed information regarding this debt as this is not a refusal to pay, but a notice sent pursuant to the Fair Dept. Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested. This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your office provide me with competent evidence that I have any legal obligation to pay you.

Please provide to undersigned with the following:

- What the money you say I owe is for.
- Explain and show me how you calculated what you say I owe.
- Provide me with copies of any papers that show I agreed to pay what you say I owe.
- Identify the original creditor.
- Prove the Statue of Limitations has not expired on the above mentioned accounts.
- Show me that you are licensed to collect in my state
- Provide me with your license numbers and Registered Agent.
- Complete payment history, the requirement of which has been established via Spears v Brenan 745 N.E. 2d 862; 2001 Ind. App. LEXIS 509 and Agreement that bears the signature of the alleged debtor wherein he agreed to pay the original creditor.

(Page2)

- Letter of sale or assignment from the original creditor to your company. (Agreement) With your client that grants you the authority to collect on this alleged debt.) Coppola v. Arrow Financial Services, 302CV577, 2002 WL 32173704 (D.Conn., Oct. 29 2002)-Information relating to the purchase of a bad dept. is not proprietary or burdensome.

While I prefer not to litigate, I will use the courts as needed to enforce my rights under the FDCPA. I am requesting referenced in good faith and await all the above information to be sent to me for my review. At this time I request that you refrain from contacting us on the telephone and restrict your contact with us to e-mail, and only when you can provide adequate validation of this alleged debt. If your offices attempt telephone communications with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit.

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent-I will not hesitate in bringing legal action against you for:

- Violation of the Fair Credit Reporting Act - reporting inaccurate information.
- Violation of the Fair Dept. Collection Practice s Act- continuing collection activity on a dept. which has not been validated.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listings any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is. It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records; any information obtained shall be used for that purpose.

I trust you will assist us in this matter accordingly as we need to have this issue resolved ASAP.

Thank you,

X *[signature]*
William Amaya

CC:

| Federal Trade Commission | Gissen & Zawyer |
| Consumer Response Center | 3550 Biscayne Blvd-Ste 500 |
| 600 Pennsylvania Avenue, NW | Miami, Fl 33137 |
| Washington, DC 20580 | |
| COMPLAINT # 12819990 | |

Equifax Information Services, LLC
P.O. Box 740256
Atlanta, GA 30374-0256

TransUnion Customer Relations
P.O. Box 1000
Chester, PA 19022

Experian
PO Box 9556
Allen, TX 75013

**EXHIBIT B**

| | |
|---|---|
| **From:** | PRS-BLS [waamaya@bellsouth.net] |
| **Sent:** | Monday, April 28, 2008 10:51 AM |
| **To:** | 'Mark Pollack'; 'Joseph F. Rosen' |
| **Cc:** | 'jessica93@pollackrosen.com' |
| **Subject:** | RE: Unifund v. William Amaya |
| **Sensitivity:** | Confidential |

Mr. Pollack,

**THIS E-MAIL IS A LEGAL THREAT. Which I do not take lightly.**

End of matter.

And as I have previously stated;

Govern yourselves accordingly.

Respectfully,

William A. Amaya

---

**From:** Mark Pollack [mailto:mark@pollackrosen.com]
**Sent:** Monday, April 28, 2008 11:30 AM
**To:** PRS-BLS
**Subject:** RE: Unifund v. William Amaya
**Sensitivity:** Confidential

Dear Mr. Amaya:

Your e-mail contains false and misleading statements.

I did not threaten you or insult you. People heard my end of the conversation and will attest to the fact that I never insulted you or threatened you in any way shape or form.

You steadfastly refused to answer any questions posed regarding you having or not having the credit card at issue. You were sent a non-identity affidavit to review and sign. You have refused, not only to sign but to answer questions concerning allegations that you have made.

You did not let me finish my statement regarding California.

You told me I had 15 minutes to do something. I took that as a threat.

I was not involved in your matter in any way until the last few days. I was trying to help you help us attempt to resolve the issues of the judgment, but you have failed to assist us in that regard.

Please be advised that I will look to you personally for any damages that I may suffer as a result of any wrongful act occasioned by you.

Your conduct and actions directed to me are unjustified and without any merit.

Please Govern Yourself Accordingly.

Pollack & Rosen, P.A

4/27/2009

Mark Pollack.

P.S. Please have your counsel direct any further correspondence to me on the issues raised in your last e-mail.

---

**From:** PRS-BLS [mailto:waamaya@bellsouth.net]
**Sent:** Monday, April 28, 2008 11:04 AM
**To:** Mark Pollack; Joseph F. Rosen
**Cc:** jessica De Castro
**Subject:** RE: Unifund v. William Amaya
**Importance:** High
**Sensitivity:** Confidential

Mr. Pollack,

As a consumer I do not know the law all that well; however; I do know that we have rights and you, your firm and representatives have blatantly and w/o regard violated the FDCPA accordingly.

To add insult to injury, you send an e-mail to contact you in order to come to an "amicable resolution" as you state and when I call you-today on 4-28-08 @ 9:10am you continue to threat, and warn that you do not have to speak to me. At this time be advised that:
1. Your threats have not been taken lightly.
2. Your due diligence and/or lack thereof has been duly reported to the Fla Bar for review
3. Your continued mishandling of this very issue stating that I have been a resident of California only accentuates and confirms your misguided and erroneous serving papers to undersigned at 115606 SW 102nd Street, Miami, Fl 33196 whereby, residency ceased in 1998.
4. I HAVE NEVER RESIDED IN CALIFORNIA NOR HAVE I RESIDED AT 15606 SW 102nd Street, Miami, Fl 33196 AFTER 1998 AND/OR BEYOND.

Respectfully yours,

William A. Amaya

---

**From:** PRS-BLS [mailto:waamaya@bellsouth.net]
**Sent:** Thursday, April 24, 2008 7:02 PM
**To:** 'Mark Pollack'; 'Joseph F. Rosen'
**Cc:** 'jessica93@pollackrosen.com'
**Subject:** RE: Unifund v. William Amaya
**Importance:** High
**Sensitivity:** Confidential

4/27/2009

GENTLEMEN,
FOR YOUR CONVENIENCE, ATTACHED IS FAX SENT BACK TO YOU IN FEBRUARY 2008 AND TEXT BELOW CONTAINS SAME. (This information should have been provided to undersigned months ago)

PLEASE MAKE SURE THAT ALL INFORMATION REQUESTED IS AVAILABLE FOR REVIEW TO ASSESS THE ACCURACY OF YOUR AFFIDAVIT

RESPECTFULLY YOURS,
MR. AMAYA
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

**DELIVERED VIA FAX (305) 569-0101
& E-MAIL TO
roy@pollackrosen.com & christianm@pollackrosen.com**

January 31st, 2008

**Pollack & Rosen**
**North Tower**
**800 Douglas Road, Suite 450**
**Coral Gables, FL 33134-3125**
Phone: (305) 448-0006
Fax: (305) 569-0101
Email: roy@pollackrosen

**UNIFUND CORP**
**10625 TECHWOODS CIRCLE**
**CINCINNATI OH 45242**

**ATTY FILE : 965842**
**JOB ID- 11705**
**SERVER: ROBERT DOLLAR- No. 1452**
**CASE: 05-14836 CC25 305-569-2502 Judge Jacqueline Schwartz**

**Mr. Christian Marr,**

As per our telephone conversation today @9:15am, please be advised and according to referenced, affidavit of service, same states that **JLL process** received such job on 10-11-05 duly served by and/or on behalf of your firm on 11-04-05 @ 11:50am.

We ask at this time for your kind assistance in providing a copy of such signed document by Mr. William Amaya and/or any such other individual KNOWN TO AND/OR RELATED TO William Amaya.

Please deliver any and all herewith requested information via e-mail as we have **NEVER BEEN SERVED** appropriately since we vacated those premises back in 1998.

Furthermore, I am also requesting detailed information regarding this debt as this is not a refusal to pay, but a notice sent pursuant to the Fair Dept. Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested. This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your office provide me with competent evidence that I have any legal obligation to pay you.

Please provide to undersigned with the following:

4/27/2009

- What the money you say I owe is for.
- Explain and show me how you calculated what you say I owe.
- Provide me with copies of any papers that show I agreed to pay what you say I owe.
- Identify the original creditor.
- Prove the Statue of Limitations has not expired on the above mentioned accounts.
- Show me that you are licensed to collect in my state
- Provide me with your license numbers and Registered Agent.
- Complete payment history, the requirement of which has been established via Spears v Brenan 745 N.E. 2d 862; 2001 Ind. App. LEXIS 509 and Agreement that bears the signature of the alleged debtor wherein he agreed to pay the original creditor.

(Page2)

- Letter of sale or assignment from the original creditor to your company. (Agreement) With your client that grants you the authority to collect on this alleged debt.) Coppola v. Arrow Financial Services, 302CV577, 2002 WL 32173704 (D.Conn., Oct. 29 2002)-Information relating to the purchase of a bad dept. is not proprietary or burdensome.

While I prefer not to litigate, I will use the courts as needed to enforce my rights under the FDCPA. I am requesting referenced in good faith and await all the above information to be sent to me for my review. At this time I request that you refrain from contacting us on the telephone and restrict your contact with us to e-mail, and only when you can provide adequate validation of this alleged debt. If your offices attempt telephone communications with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit.

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent-I will not hesitate in bringing legal action against you for:

- Violation of the Fair Credit Reporting Act - reporting inaccurate information.

- Violation of the Fair Dept. Collection Practice s Act- continuing collection activity on a dept. which has not been validated.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listings any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is. It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records; any information obtained shall be used for that purpose.

I trust you will assist us in this matter accordingly as we need to have this issue resolved ASAP.

Thank you,


William Amaya




4/27/2009

**EXHIBIT C**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — **YES** / NO
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — YES / **NO**
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 9/3/08

_____
Signed Name

_____
Printed Name

BLG, CLOSED, MEDREQ, PART_CONS, REF_DISCOV

## U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:08-cv-22739-JAL
### Internal Use Only

| | |
|---|---|
| Amaya v. Pollack & Rosen, P.A. | Date Filed: 09/29/2008 |
| Assigned to: Judge Joan A. Lenard | Date Terminated: 12/02/2008 |
| Referred to: Magistrate Judge Barry L. Garber | Jury Demand: Plaintiff |
| Cause: 15:1692 Fair Debt Collection Act | Nature of Suit: 480 Consumer Credit |
| | Jurisdiction: Federal Question |

**Plaintiff**

**William Amaya**   represented by   **Thomas Earl Elfers**
Martin County School Board
500 E Ocean Boulevard
Bldg 20
Stuart , FL 34994
772-219-1200
Fax: 219-1227
Email: thomaselfers@comcast.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pollack & Rosen, P.A.**   represented by   **Michelle Tamara Bell**
One East Broward Boulevard
Suite 500
Fort Lauderdale , FL 33301
954-847-4931
Email: mtbell@mdwcg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Consol Defendant**

**Unifund**   represented by   **Joseph N. Tucker**
Dinsmore & Shohl
1400 PNC Plaza
500 W Jefferson Street
Louisville , KY 40202

| | | |
|---|---|---|
| | | Magistrate Judge Barry L. Garber; Directing Parties to File Certificates of Interested Parties; Directing Parties to File a Notice of Refiling And/or of Related Cases; Requiring Completion of Form Consenting to Jurisdiction by Magistrate Judge; And Requiring Completion of Joint Scheduling Report and Form. Signed by Judge Joan A. Lenard on 11/05/08. (Attachments: # 1 Appendix, # 2 Appendix) (dp) (Entered: 11/05/2008) |
| 11/05/2008 | 11 | ORDER REFERRING CASE to Mediation. 15 days to appoint mediator. Mediation Deadline 1/9/2009.. Signed by Judge Joan A. Lenard on 11/05/08. (Attachments: # 1 Appendix) (dp) (Entered: 11/05/2008) |
| 11/06/2008 | 12 | Clerks Notice of Docket Correction. Error: DE. 10 and 11 not Related to Case; Correction - Original document restricted and docket text modified. (dp) (Entered: 11/06/2008) |
| 11/06/2008 | 13 | ORDER of Referral to Initial Mediation and Directing Plaintiff's Counsel to Submit (Within Fifteen Days) Proposed Order Scheduling Initial Mediation. Mediation Deadline 1/9/2009. Signed by Judge Joan A. Lenard on 11/6/2008. (Attachments: # 1 Appendix) (dp) (Entered: 11/06/2008) |
| 11/13/2008 | 14 | Corporate Disclosure Statement by Pollack & Rosen, P.A.. (Bell, Michelle) (Entered: 11/13/2008) |
| 11/13/2008 | 15 | SUMMONS (Affidavit) Returned Executed by William Amaya. Pollack & Rosen, P.A. served on 10/8/2008, answer due 10/28/2008. (Elfers, Thomas) (Entered: 11/13/2008) |
| 11/25/2008 | 16 | ORDER TO SHOW CAUSE. On November 5, 2008, the Court issued an Order of Referral to Initial Mediation and therein provided Plaintiff's counsel fifteen days to complete and file a proposed order on mediation. To date, Plaintiff's counsel has not submitted a proposed order on mediation. Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's counsel is provided until 4:00 p.m. on December 1, 2008 to complete and file a proposed order on mediation or to show cause why this case should not be dismissed for non-compliance with the Court's Orders. This entry constitutes the ENDORSED Order in its entirety. Signed by Judge Joan A. Lenard on 11/25/2008. (lc1) (Entered: 11/25/2008) |
| 12/02/2008 | 17 | ORDER DISMISSING CASE without prejudice. On November 25, 2008, this Court issued an Order to Show Cause directing Plaintiff's counsel, on or before 4:00 p.m. on December 1, 2008, to file a proposed order scheduling initial mediation or show cause why this case should not be dismissed for non-compliance with the Court's Orders. To date, no proposed order scheduling initial mediation has been filed, nor has Plaintiff otherwise responded to the Court's Order to Show Cause. Accordingly, this case is hereby dismissed without prejudice for Plaintiff's failure to comply with the Court's Orders. This entry constitutes the ENDORSED Order in its entirety. Signed by Judge Joan A. Lenard on 12/2/08. (lc1) (Entered: 12/02/2008) |
| 04/17/2009 | 18 | MOTION to Reopen Case *and vacate dismissal* by William Amaya. |

# CIVIL COVER SHEET

⇘JS 44 (Rev 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
WILLIAM AMAYA

**(b)** County of Residence of First Listed Plaintiff  Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Krohn & Moss, Ltd.
120 W. Madison St., 10th Fl., Chicago, Illinois 60602
(312) 578-9428

### DEFENDANTS
POLLACK & ROSEN, P.A. and
UNIFUND

County of Residence of First Listed Defendant  Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED

Attorneys (If Known)
Dinsmore & Shohl, 1400 PNC Plaza, 500 W Jefferson St, Louisville, KY 40202

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade 09cv21137 - King/Bandstra

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **Habeas Corpus:** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | | |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| | | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |
| | | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | |

### V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☐ 2 Removed from State Court
✓ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ✓ YES ☐ NO        b) Related Cases ☐ YES ✓ NO
JUDGE Joan Lenard        DOCKET NUMBER 08-22739-CIV-Lenard/Garber

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692 et seq - unlawful and abusive debt collection practices

LENGTH OF TRIAL via 2 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
[signature]

DATE
April 28, 2009

FOR OFFICE USE ONLY
AMOUNT $350-         RECEIPT # 999817         IFP

04/28/09