UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-21137-CIV-KING/BANDSTRA

WILLIAM AMAYA,

    Plaintiff,

v.

POLLACK & ROSEN, P.A.
and UNIFUND

    Defendants.
_____/

## DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

Defendants, POLLACK & ROSEN, P.A. and UNIFUND CCR PARTNERS (incorrectly referred to as UNIFUND in the Complaint) by and through their undersigned counsel and in accordance with Rule 12(b)(6), Fed. R. Civ. P., hereby file this their Joint Motion to Dismiss Plaintiff, William Amaya's, Complaint, or in the Alternative, Motion for Summary Judgment, as Plaintiff's claims are time-barred and fail to state a claim upon which relief may be granted.

To the extent this Court relies on matters outside the four corners of the Complaint, then Defendants request that this Court treat this Motion as one for summary judgment and dispose of the same as provided in Rule 56, Fed. R. Civ. P. The grounds for this Motion are set forth in the accompanying Memorandum of Law in Support.

**MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

Plaintiff, William Amaya (hereinafter "AMAYA") has alleged that Pollack and Rosen, P.A. (hereinafter "POLLACK & ROSEN") and Unifund CCR Partners (hereinafter "UNIFUND")(collectively, the "Defendants") violated the Fair Debt Collection Practices Act (the "FDCPA") in their collection efforts on AMAYA's past due credit card account.  However, as set forth in further detail below, the Defendants are entitled to summary judgment or a dismissal with prejudice of the Complaint for failure to state a claim upon which relief can be granted for two reasons.  First, as a matter of law, any alleged FDCPA violations which occurred **prior** to April 28, 2008 are time-barred.

Second, AMAYA's only allegation regarding Defendants' actions which occurred within the statute of limitations (**on or after** April 28, 2008), does **not** violate the FDCPA.  Specifically, AMAYA identifies only one telephone call and a short series of e-mail communications which took place on or after April 28, 2008.  The substance of those communications is identified in an e-mail string attached to the Complaint as Exhibit B and establishes that AMAYA knew the purpose of the communications because AMAYA **initiated** the communications by calling and then e-mailing POLLACK & ROSEN to discuss the debt.  Therefore, such communications cannot be the basis of an FDCPA claim.

**II.   BACKGROUND FACTS**

    A.    <u>POLLACK & ROSEN and UNIFUND Sue Plaintiff in State Court</u>.

In September 2005, POLLACK & ROSEN filed a Complaint on behalf of its client,

UNIFUND, against AMAYA in Miami-Dade County captioned *Unifund CCR Partners, G.P. vs. William Amaya*, Case No. 05-14836-CC-25 (3) (the "Collection Action").[1] In the Collection Action, POLLACK & ROSEN sought to collect $14,737.89 on AMAYA's past due Chase Manhattan Bank credit card account.[2] AMAYA was served with a copy of the Collection Action complaint on or about November 4, 2005.[3] AMAYA failed to respond to the Collection Action complaint and as a result, on or about January 6, 2006, the Miami-Dade Clerk entered a Default against AMAYA for failure to serve or file any paper as required by law.[4] On or about February 3, 2006, the county court entered a Final Judgment against AMAYA in the amount of $29,549.73, which included principal, attorney's fees, prejudgment interest and costs.[5]

B.  AMAYA's Communications with POLLACK & ROSEN.

In a letter dated January 31, 2008, but sent via facsimile in February, AMAYA wrote to POLLACK & ROSEN's employee Christian Marr confirming their telephone conversation regarding service of the complaint in the Collection Action and AMAYA's request for information related to the AMAYA's past due debt.[6] In this January 31, 2008 letter, AMAYA did not state he was represented by counsel in this matter and did not direct that Defendants no longer contact AMAYA. Rather, AMAYA specifically requested that POLLACK & ROSEN contact him via e-mail.[7]

Apparently, having received no reply to his January 31, 2008 letter, on April 15,

---

1. A copy of the Complaint Pollack & Rosen filed in the Collection Action is attached as Exhibit 1.
2. *Id* at ¶ 11
3. A copy of the sworn Affidavit of Service is attached hereto as Exhibit 2.
4. A copy of the Clerk's Default is attached hereto as Exhibit 3.
5. A copy of the Final Judgment is attached hereto as Exhibit 4.
6. Complaint, ¶ 17, Ex. A (Dkt No. 1).
7. *Id.*

2008, AMAYA e-mailed to POLLACK & ROSEN a second copy of the January 31, 2008, letter.[8] On April 16, 2008, POLLACK & ROSEN replied via e-mail and advised AMAYA that "if you will contact me and execute an affidavit that you were not at the address [where service of the complaint in the Collection Action was effectuated] since 1998, I will take care of filing a motion to vacate the final judgment."[9] AMAYA replied on April 16, 2008, requesting a copy of the a proposed affidavit to vacate the final judgment, and POLLACK & ROSEN then responded requesting additional information to complete the affidavit.[10] AMAYA and POLLACK & ROSEN continued to communicate via e-mail over the next several days about vacating the final judgment.[11]

On April 23, 2008, POLLACK & ROSEN sent to AMAYA via e-mail a proposed affidavit and stipulation of dismissal in order to vacate the final judgment in the Collection Action[12] and POLLACK & ROSEN and AMAYA continued to communicate via e-mail on April 24, 2008.[13]

Because e-mail communication was apparently not productive, on April 24, 2008, POLLACK & ROSEN's Mark Pollack requested that AMAYA contact him via telephone on April 25 by calling 305-448-0006.[14] This is the number to the POLLACK & ROSEN switchboard and the initial greeting for all callers states that POLLACK & ROSEN is

---

8. *See*, pages 4-6 of an e-mail string between AMAYA and POLLACK & ROSEN attached hereto as Exhibit 5.
9. *Id.*, page 3.
10. *Id.* pp. 2-3.
11. *Id.* pp. 1-3.
12. A true and correct copy of an e-mail string between AMAYA and POLLACK & ROSEN is attached as Exhibit 6.
13. *Id. See also*, a true and correct copy of another e-mail string between AMAYA and POLLACK & ROSEN which is attached as Exhibit 7.
14. *Id.*

4

engaged in debt collection and that calls are an attempt to collect a debt.[15]

Finally, on April 28, 2008, AMAYA called POLLACK & ROSEN's Mark Pollack to discuss the matter.  After the phone call, AMAYA again wrote to POLLACK & ROSEN's Mark Pollack via e-mail and there was another short exchange between the two.[16] Notably however, this April 28, 2008, communication is the **only** communication between AMAYA and the Defendants which took place within one-year before AMAYA filed the instant Complaint in this Court.  Furthermore, it is important to note that POLLACK & ROSEN's final e-mail comment to AMAYA was to request that AMAYA stop contacting POLLACK & ROSEN directly and that AMAYA instead have his counsel initiate any future correspondence with POLLACK & ROSEN.[17]  Shortly thereafter on May 2, 2008, Krohn & Moss wrote to POLLACK & ROSEN for the first time identifying themselves as counsel for AMAYA and asserted FDCPA claims against POLLACK & ROSEN.[18]

    C.    <u>AMAYA's Lawsuits Against POLLACK & ROSEN & UNIFUND.</u>

On or about September 29, 2008, AMAYA filed two complaints in two separate cases against POLLACK & ROSEN and UNIFUND in the United States District Court for the Southern District of Florida to wit:  *Amaya v. Pollack & Rosen, Case No. 08-22739-CIV-LENARD/GARBER* and *Amaya v. Unifund, Case No. 08-22740-CIV-ALTONAGA/BROWN*.  Both cases arose out of the same set of facts and circumstances and contained the same allegations regarding FDCPA violations against

---

15. See Affidavit of Ms. DeArce pertaining to the recorded greeting for POLLACK & ROSEN'S phone number 305-448-0006 is attached hereto as Exhibit 8.
16. *See* a true and correct copy of yet another e-mail string between AMAYA and POLLACK & ROSEN which is attached as Exhibit 9 and which is similar to the Exhibit B attached to the Complaint (Dkt 1).
17. *Id.*
18. A true and correct copy of Krohn & Moss's May 2, 2008 letter is attached as Exhibit 10.

5

POLLACK & ROSEN and UNIFUND, respectively. Counsel for UNIFUND promptly filed a Notice of Pendency of Other Actions which resulted in the cases being consolidated into one case: *Amaya v. Pollack & Rosen, Case No. 08-22739-CIV-LENARD/GARBER*[19] (hereinafter "AMAYA I"). The AMAYA I case was subsequently dismissed without prejudice because AMAYA failed to comply with two Court orders requiring him to submit a proposed order scheduling mediation.[20]

On April 28, 2009, approximately five (5) months after the dismissal of the AMAYA I case, AMAYA filed the instant action now pending before this Court. In the instant Complaint, AMAYA factually alleged only that the Defendants ostensibly:

- placed constant and continuous collection calls to AMAYA seeking payment;

- did not send a debt validation letter;

- failed to identify itself as a debt collector in subsequent communications;

- ostensibly ignored the January 31, 2008 written request to cease telephone communication with AMAYA;

- obtained a state court judgment without service; and

- communicated with AMAYA on or after April 28, 2008, after being informed he was represented by counsel.[21]

In reliance on the above facts, AMAYA alleged that Defendants allegedly violated the FDCPA by: (a) communicating with him after Defendants knew he was represented by an attorney in violation of §1692c(a)(2); (b) communicating with him after having received a cease and desist letter in violation of §1692c(c); (c) causing his telephone to

---

19. A copy of the Consolidation order is attached hereto as Exhibit 11.
20. A copy of the Order of Dismissal is attached hereto as Exhibit 12.
21. Complaint, ¶¶ 13-21 (Dkt No. 1).

6

ring repeatedly in an attempt to harass Plaintiff in violation of §1692(d)(5); (d) using false means to collect a debt in violation of §1692(e)(10); (e) failing to disclose in subsequent communication it was a debt collector in violation of §1692(e)(11); and (f) failing to provide the appropriate validation of debt within 5 days after the initial communication in violation of §1692(g)(a).[22]

For the reasons set forth in more detail below, AMAYA's Complaint fails to state a claim upon which relief may be granted and Defendants are entitled to dismissal or summary judgment as a matter of law.

## III. STANDARD OF REVIEW

### A.   Motion to Dismiss

In considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, the complaint must be considered in the light most favorable to the plaintiff, and all facts as alleged by the plaintiff must be accepted as true. *Brooks v. Blue Cross & Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).  However, it should be kept in mind that in considering a motion to dismiss, a court "will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions." *Robinson v. Jewish Ctr. Towers*, 993 F. Supp. 1475, 1476 (M.D. Fla. 1998).  Plaintiff's allegations must be pled in a manner that establishes a plausibility of entitlement to relief as opposed to a mere possibility.  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007).  Dismissal is appropriate where a court cannot "identify each of the material elements necessary to sustain a recovery under some viable legal theory."

---

22. *Id.*, ¶ [sic] 19, Count I.

*See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F. 3d 678, 684 (11th Cir. 2001), *reh'g denied*, 273 F. 3d 395 (11th Cir. 2001), *cert. denied* 534 U.S. 1129 (2002).

In considering this Motion to Dismiss, this Court can consider the exhibits attached hereto as they are a matter of public record and directly relate to AMAYA's FDCPA claims. *See also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385, n.2 (3rd Cir. 1994)("In addition to the contents of pleadings, it is, of course, perfectly permissible for this Court to review and rely upon matters of public record in state court proceedings, orders, exhibits attached to the Complaint, and items appearing of record, particularly where those matters of record form the alleged factual underpinning for the plaintiff's claims").

### B. Motion for Summary Judgment

To the extent the Court treats any portion of this Motion as one for summary judgment, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reaching a summary judgment decision the court must view the facts in the light most favorable to the non-moving party. *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. Of America*, 894 F.2d 1555, 1558 (11th Cir. 1990). However, in order to avoid entry of summary judgment the non-moving party "may not rest upon the mere allegations or denials" of his pleadings; instead, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## IV. ARGUMENT

### A. AMAYA's Complaint Fails to State a Claim for Alleged FDCPA Violations Based on any Communications Which Occurred Prior to April 28, 2008, Which Are Barred by the FDCPA's One Year Statute of Limitations.

All of AMAYA's claims under the FDCPA which are based on actions and/or communications which took place prior to April 28, 2008, should be dismissed with prejudice because the claims are barred pursuant to 15 U.S.C. §1692k(d) which sets forth a one year statute of limitations from the date of the alleged violation of the FDCPA. Section 1692k(d) provides, "an action to enforce any liability created by Title [15 U.S.C.S. §1692, *et seq.*] may be brought in an appropriate United States District Court . . . **within one year from the date on which the violations occurs**." Under the FDCPA, the statute of limitations begins to accrue from the date after the alleged violation. *See generally*, *McCorriston v. L. W.T., Inc.*, 536 F.Supp.2d 1268 (M.D. Fla. 2008); *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir.1995).

Pursuant to §1692k(d) in order for Plaintiff to enforce any liability created by the FDCPA against the Defendants, any and all violations need to occur on or after April 28, 2008. *See*, *Kaplan v. Assetcare, Inc.* 88 F.Supp.2d 1355 (S.D. Fla. 2000)(court accepted jurisdiction only over those claims based on letters that were not time barred), *citing*, *Pittman v. J.J. MacIntyre Co. of Nevada, Inc.*, 969 F.Supp. 609, 611 (D.Nev.1997)(where some of the allegedly actionable communications that occurred were clearly time-barred and some were not, court asserted jurisdiction and allowed the case to go forward based only on the communications that fell within the statutorily permitted time period).

In the case at bar, AMAYA's Complaint was filed on April 28, 2009. With the exception of the April 28, 2008, e-mail correspondence attached as Exhibit "B" to the Complaint, AMAYA's Complaint simply fails to allege any contacts between AMAYA and Defendants in the year before the instant Complaint was filed. As such, AMAYA's Complaint has failed to proffer any facts which demonstrate and/or allege any communications or contacts giving rise to any possible FDCPA violation which stems from actions which occurred prior to April 28, 2008. Accordingly, as a matter of law, Defendants are entitled to the dismissal with prejudice of any FDCPA claims in AMAYA's Complaint which are based on communications and/or actions which took place prior to April 28, 2008, including the allegations that Defendants ostensibly:

- placed constant and continuous collection calls to AMAYA seeking payment;

- did not send a debt validation letter;

- failed to identify itself as a debt collector in subsequent communications;

- ostensibly ignored a February 2008 written request to cease communication with AMAYA; and

- obtained a state court judgment without service.[23]

*See, Williams v. Wilson*, 149 Fed.Appx. 342, 345 (6th Cir. 2005) (*citing Sierra Club v. Slater*, 120 F.3d 623, 630 (6th Cir.1997)), *cert. denied*, 547 U.S. 1152, 126 S.Ct. 2299, 164 L.Ed.2d 822 (2006)(Whether a cause of action is barred by a statute of limitations is a question of law).

---

23. *See*, Complaint, ¶¶ 13-20,

### B. AMAYA's Complaint Fails to State a Claim for Alleged FDCPA Violations Because the April 28, 2008, Communications do Not Violate the FDCPA.

The only allegations contained in AMAYA's Complaint which reference any communications that occurred on or after April 28, 2008, are the references to the telephone call and e-mail correspondence between AMAYA and POLLACK & ROSEN which took place on April 28, 2008, **and which AMAYA initiated**.[24] A review of the April 28, 2008 e-mails, however, establishes as a matter of law that no FDCPA violation occurred.

Put in context as set forth above, the April 28, 2008, communications arose as a result of questions as to whether AMAYA was properly served with the complaint in the State Court Collection Action.[25] Further, AMAYA initiated each of the April 28, 2008, communications with POLLACK & ROSEN by first calling and then e-mailing Mark Pollack with POLLACK & ROSEN. The April 28, 2008 e-mails and communications leading up to April 28, 2008, make it clear that AMAYA understood that POLLACK & ROSEN was attempting to collect a debt on a past due credit card debt. Also, prior to April 28, 2008, AMAYA never advised he was represented by counsel and AMAYA's January 31, 2008, letter specifically requested that he be contacted by e-mail to discuss the matters at issue. When e-mail communication failed, POLLACK & ROSEN requested a phone call to a number to which the caller is greeted with the admonition that the call is an attempt to collect a debt.[26]

---

24. *See*, Plaintiff's Complaint at Exhibit "B"; Exhibit 9 attached hereto.
25. *See supra*, pp. 3-5.
26. *Id.*

11

On April 28, 2008, AMAYA initiated that phone call, had the opportunity to hear the recording that the call was an attempt to collect a debt and then spoke directly to POLLACK & ROSEN's Mark Pollack.  The phone call was followed a few hours later by an April 28, 2008, e-mail exchange which AMAYA again initiated.[27]  Thus, as a matter of law, the April 28, 2008, communications do not violate any provisions of the FDCPA which form the basis of AMAYA's Complaint.

(1) The April 28 Communications do **Not** violate §1692c(a)(2).

In Count I of his Complaint, AMAYA alleges that Defendants communicated with him after they knew he was represented by counsel in violation of §1692c(a)(2) which provides:

> Without the prior consent of the consumer given directly to the debt collector … a debt collector may not communicate with a consumer in connection with the collection of any debt--
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer…

In support of this allegation, AMAYA references the April 28, 2008, e-mails.[28]  However, there is nothing contained in any of AMAYA's e-mails on that day, or prior to April 28, in which AMAYA advised POLLACK & ROSEN that he was represented by counsel and therefore did not want to communicate directly with POLLACK & ROSEN. To the contrary, AMAYA's January 31, 2008, letter specifically requested that POLLACK & ROSEN contact AMAYA directly by e-mail.

---

27. *Id.*
28. *See*, AMAYA's Complaint, ¶21, ¶ [sic]19a  (Dkt 1).

12

In fact, the only reference to any attorney in the April 28, 2008, e-mail communications is contained in POLLACK & ROSEN's statement to AMAYA requesting that AMAYA no longer contact POLLACK & ROSEN:  "please have your [AMAYA's] counsel direct any further correspondence to me on the issue raise in your last email".[29] Notwithstanding POLLACK & ROSEN's request, AMAYA ignored the same and continued to communicate directly with POLLACK & ROSEN that day.[30]  It was only on May 2, 2008, when POLLACK & ROSEN received the letter from Krohn & Moss, that Defendants learned that AMAYA had retained counsel, and Defendants never communicated directly with AMAYA after that date.[31]

Moreover, the contents of the April 28th e-mails being exchanged between the parties were not regarding the collection of the debt; but were instead at attempt to resolve the issue regarding service of process of the Collection Action and therefore were not a violation of §1692c(a)(2).  *See Salsbury v. Trac a Chec, Inc.*, 365 F. Supp. 2d 939 (C.D. Ill. 2005)(Summary judgment was granted to debt collection agency and its employee because employee's calls to plaintiff, after it was known that plaintiff was represented by attorney, were not made in connection with collection of debt and, thus, there was no violation).  Consequently, as a matter of law, AMAYA's Complaint based on the April 28, 2008 e-mails fails to state a claim for violations of § 1692c(a)(2) and AMAYA'S Complaint therefore must be dismissed.

   (2)  The April 28 Communications do **Not** violate §1692c(c).

AMAYA alleged that the Defendants violated §1692c(c), which requires that debt

---

29. *See*, Exhibit "B" to Plaintiff's Complaint (Dkt 1); Exhibit 9 attached hereto.
30. *Id.*
31. *See*, Complaint (Dkt 1) and May 2, 2008, letter from Krohn & Moss, attached hereto as Exhibit 10.

13

collectors stop communicating with a consumer if the consumer notifies the "debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication. .."[32]  Specifically, AMAYA alleges that Defendants contacted him after he sent a "cease and desist letter."[33]  As stated above, however, any claims based on AMAYA's January 31, 2008, correspondence attached as Exhibit A to the Complaint, or based on any other communications prior to April 28, 2008, are time-barred.  Further, there is nothing contained in the April 28, 2008, e-mails in which AMAYA requests that POLLACK & ROSEN cease and desist communicating with AMAYA regarding the debt.

However, assuming that AMAYA's communications prior to April 28, 2008, can form the basis of §1692c(c) claim, AMAYA never sent Defendants a "cease and desist letter" and AMAYA's §1692c(c) claim should therefore be dismissed as a matter of law.  A review of AMAYA's January 31, 2008, letter and all other communications with POLLACK & ROSEN, establish that AMAYA never advised POLLACK & ROSEN that AMAYA "refuses to pay a debt or that [he] wishes [POLLACK & ROSEN] cease further communication..."[34]  To the contrary, AMAYA's January 31, 2008 letter specifically stated that "this is not a refusal to pay" and also specifically requested that POLLACK & ROSEN contact him by e-mail.[35]  Consequently, because AMAYA never sent POLLACK & ROSEN any communication which could be construed as a "cease and desist letter,"[36] AMAYA cannot maintain an action against Defendants under § 1692c(c) of the FDCPA,

---

32. Complaint, ¶ [sic] 19b.
33. *Id.*
34. *See*, § 1692c(c) and *supra*, pp. 3-5.
35. Exhibit A to the Complaint (Dkt 1).
36. *See*, *supra*, pp. 3-5.

14

and AMAYA's Complaint should be dismissed as a matter of law.

>        (3)   The April 28 Communications do **Not** violate §§1692d(5) or 1692e(10).

With regards to AMAYA's allegations that Defendants ostensibly violated §1692d(5) and §1692e(10) of the FDCPA, AMAYA's claims are similarly without merit. Section 1692d(5) provides that a debt collector shall not "cause[] a telephone to ring or engag[e] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Section 1692e(10) provides that a debt collector may not "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

AMAYA's Complaint fails to identify a single instance on or after April 28, 2008, in which Defendants initiated any contact with AMAYA, caused his telephone to ring repeatedly with the intent to harass him or in which Defendants ostensibly used any false representation and/or a deceptive means to collect the debt that could provide a basis for his FDCPA claims. To the contrary, the only identified communications on or after April 28, 2008, were the phone call and e-mail **from AMAYA** to POLLACK & ROSEN, and then Mark Pollack's reply which made no attempt to collect the debt. Therefore, AMAYA's §1692d(5) and §1692e(10) claims are without merit and should be dismissed as a matter of law.

>        (4)   The April 28 Communications do **Not** violate §§1692e(11).

POLLACK & ROSEN's failure to include the standard disclosure language in Mark Pollack's April 28, 2008, e-mail reply to AMAYA does not violate §1692e(11) of the FDCPA. Section 1692e(11) provides that:

15

> "a debt collector may not use any false, deceptive, or misleading representation or means **in connection with the collection of any debt**. Without limiting the general application of the foregoing, the following conduct is a violation of this section: … (11) .. the failure to disclose in subsequent communications that the communication is from a debt collector…" (emphasis supplied)

This warning is sometimes referred to as the "mini-Miranda." *Berg v. Merchants Ass'n Collection Div., Inc.*, 586 F.Supp.2d 1336, 1341 (S.D. Fla. 2008).

The key language of Section 1692e(11) is that the communication must be "**in connection with the collection of any debt.**" Mark Pollack's April 28, 2008, e-mail reply to AMAYA, however, was not an attempt to collect a debt but was merely a response to AMAYA's e-mail. Mark Pollack's reply e-mail never made a demand for payment or any other attempt to collect a debt and "conveyed no information regarding the debt." *See*, *Biggs v. Credit Collections, Inc.*, 2007 U.S. Dist. LEXIS 84793, p. 8 (W.D. Okla. Nov. 15, 2007)(ruling that a voice mail message by a debt collector was not a communication because it contained no information regarding a debt).[37]

Further, since AMAYA had been communicating with POLLACK & ROSEN for weeks and initiated the communication with POLLACK & ROSEN on April 28 with a phone call to POLLACK & ROSEN in which AMAYA heard the recorded admonition identifying POLLACK & ROSEN as a debt collector, AMAYA clearly knew (and even the most least sophisticated consumer would have known) POLLACK & ROSEN's identity and that the entirety of the communications concerned a debt and vacating the previously entered final judgment on the debt. Therefore, any such disclosure in Mark Pollack's reply e-mail would have been an unnecessary and duplicative formality in that

---

37. A true and correct copy of the decision in Biggs v. Credit Collections, Inc., is attached hereto as Exhibit 13.

the e-mail reply was little more than a continuation of the same communication which AMAYA initiated by phone and then initiated by e-mail earlier that morning. *See, e.g.*, *Dikeman v. National Educators, Inc.,* 81 F.3d 949, 954 ("context" and "situation" considered in determining whether violation of the prior version of §1692e(11) occurred and not necessary where to do so would have been a pointless formality); *Foti v. NCO Financial Systems, Inc.* 424 F. Supp. 2d 643, 670 (S.D. N.Y. 2006) (no violation with respect to January 26 call returned by a consumer to a debt collector in which the debt collector never explicitly stated he was a debt collector, but in which it was clear from the entirety of the conversation that even the least sophisticated consumer would have understood the call concerned collection of a debt); *Ferree v. Marianos*, 129 F.3d 130, *1-*2 (10th Cir. 1997) (in considering a different potential violation under the FDCPA, no violation found when information was provided as an attachment because even the least sophisticated consumer receiving two communications in the same envelope would examine the entire contents of the envelope); *Pressley v. Capital Credit & Collection Service*, 760 F.2d 922, 925 (9th Cir. 1985) (under the previous version of § 1692e(11), court noted the follow-up notice in question only "demand[ed] payment as earlier requested"; court reasoned that the notice "is not a 'communication' within which the disclosure required by 15 U.S.C. § 1692e(11) must be made").

Consequently, in the instant case, given the entirety of the numerous communications between AMAYA and POLLACK & ROSEN, even the least sophisticated consumer would have known that his communications with POLLACK & ROSEN on April 28, 2008, pertained to the vacation of a judgment on a past due credit card debt. Thus, it was not necessary for POLLACK & ROSEN to include a "mini-

Miranda" in his reply e-mail to AMAYA in which the reply e-mail "conveyed no information regarding the debt," and AMAYA'S claims under § 1692e(11) therefore should be dismissed as a matter of law. *See* cases cited *supra*.

      (5)    The April 28 Communications do **Not** violate §§1692g(a).

Similarly, the Defendants did not violate §1692g(a). 15 USC §1692g(a) provides that a consumer be provided with certain written notification "within five days after the initial communication with a consumer …" *See 15 USCS § 1692g; see also Dikun v. Streich*, 369 F. Supp. 2d 781 (E.D. Va. 2005). A review of Plaintiff's Complaint and the numerous communications attached hereto reveals that AMAYA has not and cannot allege that the April 28, 2008, reply e-mail from POLLACK & ROSEN (the only communication that would not be time-barred) was their initial communication or was within 5-days of POLLACK & ROSEN's initial communication with AMAYA.

To the contrary, AMAYA's Complaint indicates that he sent the January 31, 2008 letter to POLLACK & ROSEN in February 2008.[38] Further, the there are e-mails from POLLACK & ROSEN to AMAYA attached hereto as early as April 16, 2008. Thus, the record is clear that the April 28, 2008, reply e-mail was neither the initial communication nor within 5-days of POLLACK & ROSEN's initial communication with AMAYA. Consequently, POLLACK & ROSEN was not required to provide a § 1692g notice in its April 28, 2008, reply e-mail to AMAYA, and AMAYA's claims under § 1692g should be dismissed as a matter of law.

## V. CONCLUSION

For the forgoing reasons, the Defendants POLLACK & ROSEN, P.A. and

---

38. *See* Plaintiff's Complaint (Dkt 1) at Exhibit A and ¶17.

UNIFUND CCR PARTNERS respectfully request that AMAYA's Complaint be dismissed with prejudice or that the Defendants be granted summary judgment; that the Defendants be granted attorney's fees and costs for defending this action pursuant to 15 U.S.C. §1692k and that the Court grant any further relief as it deems appropriate.

Respectfully submitted this 2nd day of July, 2009.

| | |
|---|---|
| DINSMORE & SHOHL LLP | MARSHALL, DENNEHEY, WARNER, |
| Attorney for Defendant, Unifund | COLEMAN & GOGGIN |
| 1400 PNC Plaza, 500 W. Jefferson St. | Attorney for Defendant, Pollack and Rosen |
| Louisville, KY 40202 | 1 East Broward Boulevard, Suite 500 |
| Telephone: (502) 540-2300 | Ft. Lauderdale, Florida 33301 |
| Facsimile: (502) 585-2207 | Telephone: (954) 847-4920 |
| joseph.tucker@dinslaw.com | Facsimile: (954) 627-6640 |
| | mtbell@mdwcg.com |
| | |
| s/Joseph N. Tucker | s/Michelle Bell |
| Joseph N. Tucker | Michelle T. Bell |
| Florida Bar No. 938297 | Florida Bar No. 467324 |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 2, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counselor parties who are not authorized to receive electronically Notices of Electronic Filing.

VIA CM/ECF
Jeffrey Spiegel, Esquire
Matthew Kiverts, Esquire
Krohn & Moss, Ltd.
120 West Madison Street, 10th Floor
Chicago, IL 60602
Counsel for Plaintiff

　　　　　　　　　　　　　　　　　　　　s/Michelle T. Bell
　　　　　　　　　　　　　　　　　　　　Michelle T. Bell