UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21137-CIV-LENARD/GARBER

WILLIAM AMAYA,

    Plaintiff,

v.

POLLACK & ROSEN, P.A.
and UNIFUND

    Defendants.
_____/

## **ORDER**

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard. Pursuant to such reference, the Court has received the defendants Pollack & Rosen and Unifund's Joint Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [DE 10], plaintiff William Amaya's Response [DE 12], and defendants' Reply [DE 13].

### **Background**

Plaintiff, Amaya, has alleged that Pollack & Rosen and Unifund violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA") in their collection efforts on Amaya's past due credit card account. Specifically, Amaya alleges that they violated various provisions of the FDCPA by communicating with Amaya after being informed that he was represented by counsel (§ 1692c(a)(2)), ignoring a written communication to cease and desist contact (§ 1692c(c)), placing constant and harassing calls (§ 1692d(5)), using false representation and/or deceptive means (§ 1692e(10)), failing to identify themselves as debt collectors (§ 1692e(11)), and failing to send a debt validation letter (§ 1692g(a)(1-5)).

The FDCPA has a one year statute of limitations from the time of the alleged violation in which the plaintiff can file suit. 15 U.S.C. § 1692k. Defendants contend that they are entitled to summary judgment or a dismissal with prejudice of the Complaint for failure to state a claim upon which relief can be granted for the following two reasons: 1) any alleged FDCPA violations which occurred prior to April 28, 2008 are time-barred, and 2) Amaya's only allegation regarding Defendants' actions which occurred within the statute of limitations (on or after April 28, 2008), does not violate the FDCPA. Specifically, they claim that Amaya identifies only one telephone call and a short series of e-mail communications which took place on or after April 28, 2008 and that these communications were initiated by Amaya without informing them that he was represented by counsel.

In the underlying collection action, Pollack & Rosen sought to collect $14,737.89 on Amaya's past due Chase Manhattan Bank credit card account. Amaya was served with a copy of the collection action complaint on or about November 4, 2005. Amaya failed to respond to the collection action complaint and as a result, the Miami-Dade County Clerk entered a default against Amaya for failure to serve or file any paper as required by law. In February 2006, the court entered a Final Judgment against Amaya in the amount of $29,549.73. In a letter dated January 31, 2008, but sent via fax in February, Amaya wrote to Pollack & Rosen's employee, Christian Marr, confirming their telephone conversation regarding service of the complaint in the collection action and Amaya's request for information related to the Amaya's past due debt. In this January 31, 2008 letter, Amaya did not state he was represented by counsel in this matter and did not direct that Defendants no longer contact Amaya. Rather, Amaya specifically requested that Pollack & Rosen contact him via e-mail.

Amaya originally filed separate lawsuits against the two defendants, which were subsequently dismissed without prejudice for failing to file a proposed order on mediation. *See* Case No. 09-cv-22739-JAL. Amaya filed a Motion to Reopen the Case in the prior proceedings, but filed the instant

lawsuit before that was ruled upon in "an abundance of caution." DE 12 at 4. The Motion to Reopen was denied as moot upon the filing of this lawsuit. Amaya contends that this current lawsuit was filed as a "Re-filed Case."

The date that the instant lawsuit was filed is beyond the one year statute of limitations in which the alleged violations took place. Amaya contends that equitable tolling of the time limitations is proper because 1) he took steps to remedy the situation after the first case was dismissed, and 2) Defendants would not suffer any prejudice as they are not caught by surprise and the allegations are the same as in the previous lawsuit. In the alternative, Amaya argues, the Complaint should be viewed as an amended complaint.

Defendants contend that there is only one email stream of communications and one phone call that did occur within the relevant time period and that these do not violate the FDCPA as they are in regards to service, not debt collection. Defendants argue that the communications pass the "least sophisticated consumer" test because there is no way that Amaya did not know that Pollack & Rosen were debt collectors based on his previous communications and phone calls to the firm in which he heard a message stating that the firm was a debt collection agency. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). Also, Defendants claim that they did not learn that Amaya was represented by counsel until May 2, 2008 and that the Complaint fails to allege any instances of deception.

## Analysis

In considering a motion to dismiss pursuant to Federal Rule 12(b)(6), all factual allegations must be taken as true and in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Federal Rule of Civil Procedure 8 allows for a liberal pleading requirement. It does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman*

*Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir.2001).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 US 544, 555 (2007) (citations omitted).  The Supreme Court more recently explained, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (U.S.,2009).  "A complaint must state a plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. at 1949).

The threshold question is whether equitable tolling applies.  Defendants argue that whether or not the statute of limitations is tolled and the new Complaint relates back to the original lawsuit will determine whether the majority of Amaya's claims are properly dismissed.  The Defendants claim that equitable tolling is not applicable and that the Complaint does not relate back to September 29, 2008, the date of the original complaint.

Defendants rely on *Dade County v. Rohr Industries, Inc*. for the proposition that the Complaint should not be treated like an amended complaint and relate back to the date of the original filing.  826 F.2d 983 (11th Cir. 1987).  In *Dade County*, the district court dismissed the lawsuit without prejudice because the County failed to submit the required pre-trial stipulation.  Dade County filed a motion to vacate the dismissal, which the court denied.  Dade County then filed a second complaint which stated the same material allegations as found in the first complaint.  The Defendant raised the statute of limitations argument and moved for summary judgment, which the court denied.

On appeal, the Eleventh Circuit found that the "district court erred in applying the relation back doctrine to the filing of a new second complaint." *Id*. at 989.  The court found that though the original filing of the federal action tolls the running of the statute of limitations, "the subsequent voluntary dismissal of the federal action has the effect of placing the parties in a position as if the suit had never been filed." *Id*.

When examining the issue under the analysis for equitable tolling, courts have generally held that dismissal of an earlier suit "without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations." *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).  Equitable tolling should be used only sparingly. *Arce v. Garcia*, 434 F.3d 1254, 1261 -1262 (11th Cir. 2006); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999).  It is to be used "in extreme cases where failure to invoke the principles of equity would lead to unacceptably unjust outcomes." *Downs*, 520 F.3d at 1318.

In *Justice v. United States*, the district court dismissed a case without prejudice for failing to comply with a Court order regarding discovery and for want of prosecution. *Justice v. U.S.*, 6 F.3d 1474, 1477 (11th Cir. 1993).  Rather than appeal the order dismissing the case, Justice commenced a new action against the United States after the statute of limitations had run.  Justice argued that by "dismissing the original complaint without prejudice the court expressed an intention not to preclude him from filing a subsequent action." *Id.* at 1478.  The district court dismissed the new case despite these arguments and found that equitable tolling did not apply.

Unlike the plaintiff in *Justice*, however, Amaya filed a Motion to Reopen the first lawsuit. Unlike the Plaintiff in *Dade County*, Amaya's motion was denied as moot.  *See Amaya v. Pollack &*

*Rosen, P.A.*, Case No. 08-cv-22739-JAL at DE 18, 24. Judge Lenard issued an Order denying the Motion as moot "pursuant to Plaintiff's re-filing of the instant action," and she specifically referred to this case number. *Id*. at DE 24. Judge Lenard's ruling implies that the requested relief was provided by the re-filed Complaint. The Court is not at liberty to speculate as to what her ruling would have been if the instant lawsuit had not been filed, and in the Court's view, not allowing equitable tolling would result in an unjust outcome. Accordingly, the Court considers this Complaint timely and relating back to the original filing date.

However, the Court finds that the Complaint should be dismissed as a matter of law as it fails to allege facts sufficient to support a FDCPA claim. The Defendants' Motion is largely predicated on a determination that equitable tolling does not apply. Defendants argue that if equitable tolling did not apply, 1) the few communications that would remain do not substantiate Amaya's allegations, and/or 2) Amaya fails to allege any instances of the violations that he claim occurred. Defendants' arguments ring true even when considering all of the communications with the allegations. Amaya fails to state a claim for relief because the majority of the allegations in the Complaint are insufficient as they merely recite different sections of the statute. *See, e.g.*, DE 1 at ¶ 19(a)-(f); *Twombly*, 550 U.S. at 555. Many of the remaining paragraphs are conclusory statements. *E.g*, *Id*. at ¶¶ 7-8, 18. For instance, Amaya alleges that the Defendants caused his telephone to ring with the intent of annoying or harassing and used false or deceptive means to collect the debt, §§ 1692d(5) and 1692e(10), respectively. The only allegations in the Complaint that relate to these violations state, "Defendants violated FDCPA § 1692d(5) by causing the telephone to ring repeatedly and continuously with the intent to annoy, abuse and/or harass Plaintiff," and "Defendants violated the FDCPA § 1692e(10) by using false representations and/or deceptive means to attempt to collect a debt." DE 1 at ¶ 19(c)- (d). The only other allegation that could also be construed as relating to the

violation of § 1692d is, "Defendants continued to contact and demand payment from Plaintiff." *Id*. at ¶ 18.  Even considering all of the communications attached to the Complaint, these allegations are the type of "threadbare recitals" and "conclusory statements" that the Supreme Court sought to prevent in *Iqbal*.  *Iqbal*, 129 S.Ct. at 1940.  Accordingly, Amaya has failed to state cause of action. The Court hereby ORDERS the following:

    1) Defendants' Motion to Dismiss is GRANTED.

    2) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

    3) Plaintiff is given leave to file an amended complaint within twenty (20) days of this Order.

DONE AND ORDERED in Chambers at Miami, Florida this 25th day of February, 2010.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE